1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| AK VICTORY, INC., a Washington for-profit corporation<br><br>                    Plaintiff,<br><br>        v.<br><br>MISAEL FLETES-OROZCO, an individual,<br><br>                    Defendant. | IN ADMIRALTY<br><br>Case No. 2:21-cv-1589<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

        COMES NOW Plaintiff AK Victory, Inc. ("AK Victory") and, for a cause of action

for declaratory judgment against Defendant Misael Fletes-Orozco, alleges as follows:

<u>**PARTIES**</u>

        1.      Plaintiff AK Victory is and was at all pertinent times a corporation organized

and existing under the laws of the State of Washington and with a principal place of business

in Seattle, Washington.  AK Victory is the owner and operator of the fishing vessel

ALASKA VICTORY and was Defendant's employer in September of 2019.

        2.      Defendant is a seaman and a resident of Mt. Vernon, Washington.

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

3.      Defendant's employment with AK Victory required he perform the duties of a seaman aboard the ALASKA VICTORY in September of 2019.

## JURISDICTION AND VENUE

4.      This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 for the purpose of determining questions of actual controversy between the parties, namely, AK Victory's obligations, if any, to provide Defendant maintenance and cure under the general maritime law.

5.      This action, arising out of a seaman's medical condition occurring on a vessel on a navigable water of the United States, is an admiralty and maritime dispute within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Court's jurisdiction over this action rests in 28 U.S.C. § 1333.

6.      Defendant resides within the Western District of Washington, therefore venue for this admiralty action is proper in this Honorable Court.

## FACTS

7.      Defendant was exposed to ammonia gas during his employment aboard the ALASKA VICTORY on or about September 27, 2019.  Defendant claims he suffers from two medical conditions as a result of this ammonia exposure referred to herein as the "First Medical Condition" and the "Second Medical Condition."

8.      Following the ammonia event on September 27, 2019, Defendant sought medical treatment for the aforementioned medical conditions.

9.      AK Victory provided Defendant with maintenance and cure following the subject ammonia event.

COMPLAINT FOR DECLARATORY JUDGMENT - Page 2
Case No. 2:21-cv-1589
{29314-00744467;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

10.     Defendant claims he has not reached maximum medical cure for either of his two medical conditions.  As such, Defendant claims he is entitled to maintenance and cure on an ongoing basis.

11.     AK Victory retained a medical doctor and expert regarding Defendant's First Medical Condition to evaluate Defendant's medical records related to the ammonia event. This doctor issued a report with his findings.  This report was provided to Defendant.  This doctor opines, with regard to the First Medical Condition, Defendant reached maximum medical cure no later than December 14, 2020.

12.     AK Victory also retained a medical doctor and expert regarding Defendant's Second Medical Condition to evaluate Defendant's medical records related to the ammonia event.  This doctor also issued a report with his findings.  This report was provided to Defendant.  This doctor opines that the treatment Defendant is receiving from his current treatment provider for the Second Medical Condition is inadequate and not likely helpful. This doctor also opines the treatment Defendant is receiving from his current treatment provider for the Second Medical Condition has prolonged Defendant's symptoms and unnecessarily hampered Defendant's return to work.

13.     Under the general maritime law, a seaman like Defendant has a duty to mitigate his medical expenses and his employer is not responsible for overly expensive or unnecessary medical services.

14.     The treatment being provided to Defendant for his Second Medical Condition is making Defendant have worse symptoms than necessary and unnecessarily extending the time it will take Defendant to get better and reach maximum medical cure.

COMPLAINT FOR DECLARATORY JUDGMENT - Page 3
Case No. 2:21-cv-1589
{29314-00744467;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

15.     On September 20, 2021, AK Victory advised Defendant of its expert doctors' opinions.  AK Victory offered to arrange for Defendant to see a new treatment provider for the Second Medical Condition so that Defendant could receive appropriate treatment. Defendant refused.

16.      By insisting on continuing with a treatment provider providing inadequate treatment, Defendant is unnecessarily extending the time it will take to reach maximum medical cure.

17.     Defendant is failing to mitigate his maintenance and cure expenses.

18.     AK Victory provides Defendant with maintenance and cure on an ongoing basis.

## CLAIM FOR DECLARATORY RELIEF – MAINTENANCE AND CURE

19.     Plaintiff reasserts all preceding paragraphs as if fully set forth herein.

20.     Under the maritime doctrine of maintenance and cure, a ship owner is obligated to pay a seaman, who falls ill or becomes injured while in the service of the ship, maintenance and cure only until the seaman reaches maximum medical cure, the seaman's condition permanently stabilizes, or the seaman's condition cannot be improved any further.

21.     Under the maritime doctrine of maintenance and cure, a ship owner is only obligated to pay for curative medical treatment.

22.     Under the maritime doctrine of maintenance and cure, an injured seaman has an obligation to speed his recovery, seek appropriate medical treatment, and mitigate maintenance and cure expenses.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

23.     Under the maritime doctrine of maintenance and cure, a ship owner is not required to pay for unnecessary or unnecessarily expensive medical treatment.

24.     With regard to the First Medical Condition, AK Victory has no further duty to provide maintenance or cure because Defendant reached maximum medical cure no later than December 14, 2020.

25.     With regard to the Second Medical Condition, AK Victory has no duty to provide maintenance or cure because Defendant refuses to seek adequate treatment and continues to seek suboptimal treatment.  In so doing, Defendant is failing to mitigate his claimed maintenance and cure entitlements.

26.      Defendant claims neither of his medical conditions have reached maximum medical cure; he claims an ongoing entitlement to maintenance and cure.

27.     Based on the foregoing allegations, an actual controversy has arisen and now exists between AK Victory and Defendant concerning AK Victory's duty to provide ongoing maintenance and cure.

## **PRAYER**

WHEREFORE, having stated causes of action against Defendant, AK Victory prays for judgment as follows:

28.     That, with regard to the First Medical Condition, the Court declare Defendant reached maximum medical cure no later than December 14, 2020;

29.     That, with regard to the Second Medical Condition, the Court declare AK Victory has no obligation under the general maritime law to pay for any of the medical treatment currently being pursued by Defendant;

COMPLAINT FOR DECLARATORY JUDGMENT - Page 5
Case No. 2:21-cv-1589
{29314-00744467;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

30.     That, with regard to the Second Medical Condition, the Court declare AK Victory has no obligation under the general maritime law to provide Defendant with maintenance while Defendant fails to speed his recovery and mitigate maintenance and cure;

31.     For attorneys' fees and costs as permitted under the law; and

32.     For such other and further relief as the Court may deem just and proper.

DATED this 24th day of November, 2021

/s/David C. Bratz
DAVID C. BRATZ, WSBA # 15235
/s/Nathan J. Beard
NATHAN J. BEARD, WSBA #45632
LeGros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106
Telephone:     206-623-4990
Facsimile:     206-467-4828
Email:          dbratz@legros.com
                nbeard@legros.com
Attorneys for Plaintiff AK Victory, Inc.

COMPLAINT FOR DECLARATORY JUDGMENT - Page 6
Case No. 2:21-cv-1589
{29314-00744467;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106